## CIRCUIT COURT OF AMHERST COUNTY

Wendell H. Clingempeel

v.

Amherst County
Board of Supervisors

February 15, 1977

By JUDGE ROBERT C. GOAD

After the required notice and public hearing, the Board of Supervisors denied Clingempeel a special use permit for a trailer park he proposed to locate in an area zoned agricultural, under the provisions of the 1967 Zoning Ordinance of Amherst County, especially Articles II and IX thereof. Clingempeel filed this suit for a declaratory judgment adjudicating the constitutionality and legality of the Board's action, and adjudicating the constitutionality of the Zoning Ordinance as it applies to Clingempeel's real estate.

The principal issue in the case arises from these facts: under the 1967 ordinance, the entire county was not mapped and zoned, but the portion which was mapped and zoned consisted primarily of a strip of land extending 1220 feet on each side of the center of U.S. Highway No. 29 which runs through the county north and south for a distance of over twenty miles; the Board felt that this area adjacent to Highway No. 29 required more restrictive planning than other areas of the County, and that at that time, the cost of further mapping and zoning was too great in proportion to the benefits to accrue; the county is now completely zoned, and detailed zoning maps are now in preparation, but this was not accomplished until about two months after the Board denied the special use permit to complainant under the 1967 ordinance and the partial mapping and zoning thereunder; a substantial portion of

the affected 58.5 acre tract of complainant is within 1220 feet of the center of Highway No. 29, and zoned agricultural, which tract was purchased by complainant in 1975-76.

This case was heard by the Court on December 22, 1976, the evidence presented *ore tenus*, and counsel have filed excellent briefs. After a thorough review of the facts and applicable law, the Court is of the opinion, and so finds, that the action of the Board in denying the special use permit was valid, lawful, and proper in all respects, and the 1967 Zoning Ordinance, as it applies to complainant's real estate under the facts of this case, was and is valid, lawful and proper in all respects, for the following reasons.

The zoning of only a portion of a county is not *per se* unlawful or void. "Whether the entire area of the county should have been zoned is a matter which the General Assembly, through the enabling act, has delegated to the local legislative body, the County Board of Supervisors. It is a legislative matter with which are we not concerned." *County of Fairfax v. Parker*, 186 Va. 675, 680 (1947). Section 15.1-486 of the Code, and its predecessors, did not require 100% of a county to be zoned, and the 1969 amendment to this section made the legislative intent perfectly clear by adding the words "or any substantial portion thereof." Certainly a parcel of land 2440 feet wide and over twenty miles long is a substantial or considerable portion of Amherst County, especially with Route 29 running the length of the center of the parcel.

The partial zoning of Amherst County under the 1967 ordinance was not arbitrary and unreasonable, and at the least, the reasonableness of the ordinance was fairly debatable. "Local governing bodies, because of their knowledge of local conditions and the needs of their individual communities, are allowed wide discretion in the enactment and amendment of zoning ordinances. A court should not substitute its judgment for that of the local legislative body unless there has been a clear abuse of power." *Byrum v. Orange County*, 217 Va. 37, 39 (1976). The Court finds no abuse of power whatsoever in the 1967 partial zoning of Amherst County. In fact, the 1967 ordinance is, in the opinion of the Court, an example of wise and prudent planning by a progressive county which was one of only

nine counties in the State of Virginia with a zoning ordinance in 1947. *See* footnote 2, *County of Fairfax v. Parker, supra,* 680.

The issuance or denial of special use permits under the 1967 ordinance is a legislative function of the Board of Supervisors, within reasonable and sufficient guidelines set forth in the statutes and ordinance. The Court finds that the Board did not act arbitrarily or capriciously in denying the permit to Clingempeel and that the Board had the specific right in the exercise of its legislative discretion to deny this permit. This finding is fully supported by the opinion of the Supreme Court in a strikingly similar case, *Byrum v. Orange County, supra.*